IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHELLY HARRINGTON,
    Petitioner,

vs.                                       Case No.:  4:17cv122/WS/EMT

T.A. JONES, WARDEN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (ECF No. 3). Respondent filed a response with evidentiary support (ECF No. 12). The court provided Petitioner an opportunity to file a reply (*see* ECF No. 13), but she has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C). After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND

On December 18, 2013, Petitioner was arrested by the Troup County Sheriff's Department in Troup County, Georgia, for conspiracy to commit trafficking in methamphetamine in Case No. 14-R-0324 (*see* ECF No. 12-2, Declaration of Alan Ray, ¶ 3). On August 7, 2014, Petitioner was sentenced by the State of Georgia in a different case, Case No. 2014-CR-0129, to a 3-year term of imprisonment for theft by taking (*id.*, ¶ 4). On August 18, 2014, Petitioner was temporarily removed from the State of Georgia into federal custody by the United States Marshals Service ("USMS") on a federal writ of habeas corpus ad prosequendum issued by the United States District Court for the Middle District of Alabama in Case No. 3:14cr408-04-JFD (*id.*, ¶ 5). On November 23, 2015, the federal court sentenced Petitioner to a term of imprisonment of 120 months for possession with intent to distribute methamphetamine, to run concurrently with any state court sentence that may be imposed (*id.*, ¶ 6). On December 22, 2015, Petitioner was returned to the State of Georgia to complete her sentence in Case No. 2014-CR-0129 (*id.*, ¶ 7). On January 11, 2016, Petitioner was sentenced by the State of Georgia in Case No. 14-R-0324, to a 10-year term of imprisonment for the drug conspiracy charge (*id.*, ¶ 8).

On June 7, 2016, Petitioner was released from her Georgia state sentence in Case No. 2014-CR-0129, and was taken into federal custody to continue serving her federal sentence, which began to run on November 23, 2015, the day it was imposed (Ray

Decl., ¶ 9). On February 10, 2017, the federal court reduced Petitioner's sentence from 120 months to 108 months (*id.*, ¶ 10). The federal Bureau of Prisons ("BOP") calculated Petitioner's 108-month sentence as commencing on November 23, 2015, and projected her release date as January 31, 2023, via Good Conduct Time (*id.*, ¶ 11).

In Petitioner's habeas petition, she contends she is entitled to prior custody credit on her federal sentence for the period August 18, 2014, to October 20, 2015 (ECF No. 1 at 3). Petitioner contends she was waiting to go to federal court during that time (*id.*).

Respondent contends Petitioner received credit on her state sentence in Case No. 2014-CR-0129 for the period August 18, 2014, to October 20, 2015; therefore, Petitioner is not entitled to credit on her federal sentence for that period, pursuant to 18 U.S.C. § 3585(b) (*see* ECF No. 12 at 4–8; Ray Decl. ¶¶ 12–14).

II.   ANALYSIS

Once a petitioner has exhausted her administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction. *See* <u>Rodriguez v. Lamer</u>, 60 F.3d 745, 747 (11th Cir. 1995). The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of

Congress.'" *Id.* (citing Chevron USA Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)). If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.*

> Section 3585 of Title 18 provides:
>
> **(a)  Commencement of sentence**.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b)  Credit for prior custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences—
>
> >  **(1)** as a result of the offense for which the sentence was imposed; or
> >
> >  **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added). As the Supreme Court has held, the BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced," as defined in § 3585. *See* United States v. Wilson,

503 U.S. 329, 334–35 (1992) (BOP determines credit issues, not the district courts). In fact, federal courts do not have the authority under § 3585 to order the BOP to credit a prisoner with state time served. *See* United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).

In Petitioner's case, the BOP could not grant Petitioner credit for the period August 18, 2014, to October 20, 2015, because Petitioner received credit for that period on her State of Georgia sentence in Case No. 2014-CR-0129. Because Petitioner received credit on her state sentence for the period in question, the BOP did not have discretion under § 3585 to grant credit on Petitioner's federal sentence for that period. Indeed, § 3585(b) expressly prohibits the BOP from granting credit for that period. *See* United States v. Rivers, 329 F.3d 119 (2d Cir. 2003) (Bureau of Prisons could not credit defendant for time already served under state sentence, inasmuch as that time had already been credited against state sentences); Rios v. Wiley, 201 F.3d 257, 276 (3d Cir. 2000); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); *see also, e.g.*, Dupree v. Warden, FCI Miami, 606 F. App'x 559, 560 (11th Cir. 2015) (unpublished) (affirming district court's ruling that petitioner was not entitled to credit toward his federal sentence for the time he had served in state custody because he had already received credit toward his state sentence); Scruggs v. Adkinson, 423 F. App'x 858, 816 (11th Cir. 2011) (unpublished) (same); Rey v. Warden, FCC Coleman-Low, 359 F.

App'x 88, 90 (11th Cir. 2009) (unpublished) (same); <u>Castillo v. Fed. Corr. Inst. of Tallahassee</u>, 163 F. App'x 803, 804 (11th Cir. 2006) (unpublished) (same).[1]

## III.   CONCLUSION

The BOP effectuated the unambiguous language of the relevant federal statute, and the agency reasonably interpreted any ambiguous language in a manner that was not arbitrary, capricious, manifestly contrary to the statutes, or an unreasonable application thereof.  Therefore, the BOP's calculation of Petitioner's federal sentence is entitled to deference under <u>Chevron</u>, 467 U.S. at 837.

Accordingly it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 3) be **DENIED**.

At Pensacola, Florida this 25th day of October 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] The undersigned cites unpublished Eleventh Circuit opinions only as persuasive authority and recognizes that the opinions are not considered binding precedent.  *See* 11th Cir. R. 36-2.

Case No.:  4:17cv122/WS/EMT

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 4:17cv122/WS/EMT